UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————

WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE          22-cv-5855 (JGK)
BENEFIT OF THE REGISTERED HOLDERS
OF WELLS FARGO COMMERCIAL MORTGAGE       MEMORANDUM OPINION
TRUST 2018-C44, COMMERCIAL MORTGAGE      AND ORDER
PASS-THROUGH CERIFICATES, SERIES
20,

                    Plaintiff,

         - against -

31 PRINCE STREET, LLC, ET AL.,

                    Defendants.
—————————————————————

JOHN G. KOELTL, District Judge:

    The plaintiff, Wilmington Trust, brought this action

against the defendants, 31 Prince Street, LLC, Wah Kok Realty

Corp., Edmond Li, the New York City Office of Administrative

Trials and Hearings, and any unknown tenants, occupants,

persons, or corporations having or claiming an interest in the

premises at issue in the litigation, in order to foreclose on a

mortgage for a principal amount of $41,000,000 that is secured

by certain of the Borrowers' properties and the rents and leases

associated with those properties. On January 25, 2023, this

Court granted the plaintiff's motion to appoint a receiver to

manage the properties at issue in this case during the pendency

of this litigation. See Wilmington Tr., Nat'l Assoc. v. 31

Prince Street, LLC, No. 22-cv-5855, 2023 WL 414249, at *5

(S.D.N.Y. Jan. 25, 2023) ("Receivership Opinion").

The plaintiff now moves for summary judgment pursuant to

Federal Rule of Civil Procedure 56 seeking: (1) to foreclose on

the properties at issue in this case and to strike certain

affirmative defenses asserted by the defendants; (2) to enter a

default judgment against defendant New York City Office of

Administrative Trials and Hearings; (3) to refer the calculation

of the amount owed by the defendants on an outstanding loan in

this case (the "Loan") to the Magistrate Judge; and (4) to sever

Count Five of the complaint, which asserts a claim for breach of

contract against the Guarantor.

### I.

The Court assumes familiarity with the facts of this case,

which are set out in greater detail in the Receivership Opinion,

2023 WL 414249, at *1-2.

### II.

The standard for granting summary judgment is well

established. "The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). The moving party bears the initial burden

of "informing the district court of the basis for its motion"

and identifying the materials in the record that "it believes

demonstrate the absence of a genuine issue of material fact."
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). At the
summary judgment stage, the court must resolve all ambiguities
and draw all reasonable inferences against the moving party. See
Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S.
574, 587 (1986). "Only disputes over facts that might affect the
outcome of the suit under the governing law will properly
preclude the entry of summary judgment." Anderson v. Liberty
Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets
its burden, the nonmoving party must produce evidence in the
record and "may not rely simply on conclusory statements or on
contentions that the affidavits supporting the motion are not
credible." Ying Jing Gan v. City of N.Y., 996 F.2d 522, 532 (2d
Cir. 1993).

### III.

### A.

The plaintiff has demonstrated its entitlement to
foreclosure in this action. Under New York law, "in a
foreclosure action, . . . a plaintiff establishes its prima
facie entitlement to summary judgment by producing evidence of
the mortgage, the note, and the [defendants'] default." Gustavia
Home, LLC v. Rutty, 785 F. App'x 11, 14 (2d Cir. 2019). The
plaintiff has already "produced documents demonstrating the
assignment of the Note and Mortgage to the plaintiff," thereby

"showing that it holds both the Note and the Mortgage," and
those documents have also been produced as exhibits on this
motion for summary judgment. See Receivership Opinion, 2023 WL
414249, at *4; ECF No. 74-1, Exs. 3, 4. In addition, there is no
dispute that the defendants have defaulted on the Loan, which
the Receivership Opinion sets out in greater detail. See
Receivership Opinion, 2023 WL 414249, at *3-4. The plaintiff has
thus demonstrated its prima facie entitlement to foreclosure.

The defendants dispute that the plaintiff has standing to
seek foreclosure. "Where, as here, the defendant contests
standing to foreclose, the plaintiff must prove its standing as
part of its prima facie showing. A plaintiff establishes its
standing in a mortgage foreclosure action by demonstrating that,
when the action was commenced, it was either the holder or
assignee of the underlying note." Gustavia, 785 F. App'x at 14.
In this case, the plaintiff has produced evidence that it is the
holder of the relevant Note. See ECF No. 74-1, Ex. 3. Because
"the transfer of the promissory note to the plaintiff before the
action has commenced is sufficient to demonstrate standing
because the mortgage passes incident to the note," the
defendants' argument that the plaintiff lacks standing is
without merit. Gustavia, 685 F. App'x at 14.

The defendants' only response to the plaintiff's production
of the relevant documents is to protest that the documents

cannot be considered on this motion for summary judgment because
they are not presented in admissible form. "The evidence
considered on summary judgment must generally be admissible
evidence." LaSalle Bank Nat'l Ass'n v. Nomura Asset Cap. Corp.,
424 F.3d 195, 205 (2d Cir. 2005). The defendants argue that the
documents are not sufficiently authenticated as business records
pursuant to the business records exception to the rule against
hearsay provided by Federal Rule of Evidence 803(6) because the
plaintiff has failed to lay a proper foundation for the
admission of the documents.

"New York courts have repeatedly held that proof of
physical possession . . . is sufficient on its own to prove a
plaintiff's standing to foreclose on the mortgage associated
with the note." OneWest Bank, N.A. v. Melina, 827 F.3d 214, 223
(2d Cir. 2016). In this case, the plaintiff has provided proof
of physical possession of the underlying Note and Mortgage. The
plaintiff has also shown that the documents are sufficiently
authenticated. The plaintiff has provided a declaration by Joao
Gauer, the Vice President of Asset Management with the Special
Servicer to the plaintiff, declaring that, based on Gauer's
personal knowledge, the Note and Mortgage were maintained in the
ordinary course of the Special Servicer's business. Gauer Decl.,
ECF No. 74, ¶ 3. The declaration also provides that "all the
exhibits attached to the complaint and/or this declaration were

received, created, or otherwise generated at or near the dates
reflected on such documents . . . [and that the] exhibits . . .
are true and correct copies of the corresponding documents in
the Special Servicer's business records that are in the custody
and control of the Special Servicer." Id. "Rule 803(6) allows
business records to be admitted if witnesses testify that the
records are integrated into a company's records and relied upon
in its day to day operations," and "[e]ven if the document is
originally created by another entity, its creator need not
testify when the document has been incorporated into the
business records of the testifying entity." United States v.
Jakobetz, 955 F.2d 786, 801 (2d Cir. 1992). In this case, the
Special Servicer relied on the documents provided during its day
to day operations acting as the plaintiff's agent, and the
documents were incorporated into its business "to a sufficient
degree to permit an inference" as to their authenticity. Id.
Accordingly, the plaintiff has established the authenticity of
the documents sufficient to support standing in this action. See
OneWest Bank, N.A. v. Guerrero, No. 14-cv-3754, 2018 WL 2727891,
at *4 (S.D.N.Y. June 6, 2018) (finding that proof of physical
possession by affidavit of the plaintiff's Assistant Secretary
was sufficient to support standing in a mortgage foreclosure
action).

Moreover, the plaintiff has also produced the assignments of the mortgage which detail the chain of ownership of the mortgage from the original lender to the plaintiff. See ECF No. 74-2, Ex. 9; ECF No. 74-3, Exs. 13, 17. The provided mortgage assignments are self-authenticating documents pursuant to Federal Rule of Evidence 902(1) because they are "attached to the recorded filing made with the New York City Department of Finance, which bears the appropriate seal and signature of a government official." CIT Bank, N.A. v. Schiffman, No. 16-cv-5772, 2022 WL 912520, at *2 (E.D.N.Y. Mar. 29, 2022). And the mortgage assignments are covered by an exception to the rule against hearsay for records of documents that affect an interest in property under Federal Rule of Evidence 803(14). Id.

To establish standing to foreclose, the plaintiff needs to prove only that "it was either the holder or assignee of the underlying note." Gustavia, 785 F. App'x at 14. "The plaintiff has produced documentary evidence demonstrating that the plaintiff is the assignee of the Note by virtue of assignments of the Mortgage, which reference the underlying Note." Wilmington Tr., Nat'l Ass'n v. Winta Asset Mgmt. LLC, No. 20-cv-5309, 2022 WL 2657166, at *6 (S.D.N.Y. July 8, 2022). A "mortgage assignment referencing the transfer of the mortgage together with the notes and bonds or obligations described in the Mortgage is sufficient to assign both the Mortgage and the

7

underlying Note." Id. Accordingly, the plaintiff has established that it is the assignee of the Mortgage, and thereby the assignee of the Note.

In any event, on a motion for summary judgment, the plaintiff needs to show only that the evidence provided "would be admissible at a trial." See Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012); see also Smith v. City of New York, 697 F. App'x 88, 89 (2d Cir. 2017) ("We need not resolve whether the documents fall within . . . the business-records exception . . . because, in any case, material relied on at summary judgment need not be admissible in the form presented to the district court . . . so long as the evidence in question will be presented in an admissible form at trial."). Accordingly, "documents submitted in support of summary judgment may be considered if a competent custodian would be able to verify their authenticity at trial." Emanuel v. Gap, Inc., 2022 WL 30843177, at *3 (S.D.N.Y. Aug. 3, 2022). The plaintiff has more than shown that the documents provided would be admissible at trial. Accordingly, the documents provided are competent evidence, and the plaintiff's motion for summary judgment of foreclosure is **granted.**

## B.

The plaintiff also moves to strike two affirmative defenses pleaded by the defendants in their Answer. ECF No. 36. "Motions

to strike are generally disfavored and will not be granted
unless it appears to a certainty that [the] plaintiffs would
succeed despite any state of the facts which could be proved in
support of the defense." Brooklyn Union Gas Co. v. Exxon Mobil
Corp., 478 F. Supp. 3d 417, 425 (E.D.N.Y. 2020). The plaintiff
seeks to strike the defendants' first affirmative defense that
the plaintiff lacks standing in this case. However, there is no
need to strike that defense. It is enough that this defense has
already been shown to be without merit because the defendants'
have not met their burden to show the insufficiency of the
documents provided. The plaintiff also seeks to strike the
defendants' second affirmative defense that the Special Servicer
lacks authority to bring this action on the plaintiff's behalf.
However, the plaintiff has provided a "Pooling and Services
Agreement" authorizing Rialto Capital Advisors, LLC to act as
Special Servicer the plaintiff's behalf. ECF No. 74-1. The
Pooling and Services Agreement and an associated Limited Power
of Attorney makes clear that the Special Servicer, as the
plaintiff's agent, is authorized to bring suit on behalf of the
plaintiff. See id. §§ 3.01, 3.09; ECF No. 74-3, Ex. 24.
Accordingly, there is similarly no need to strike the
defendants' second affirmative defense because the defense is
also without merit. The plaintiff's motion to strike is **denied
as moot.**

### C.

The plaintiff also seeks an entry of default judgment against defendant the New York City Office of Administrative Trials and Hearings (the "Defaulting Defendant") to eliminate the possibility that the Defaulting Defendant would be able to block the foreclosure. The Defaulting Defendant has not appeared in this case, and the Clerk of Court has issued a certificate of default against the Defaulting Defendant. ECF No. 50. The remaining defendants do not oppose the plaintiff's application for a default judgment against the Defaulting Defendant. Accordingly, the default against the New York City Office of Administrative Trials and Hearings is **granted.**

### D.

The plaintiff also moves pursuant to Federal Rule of Civil Procedure 21 to sever Count Five of its Complaint for breach of contract against the Guarantor. Rule 21 authorizes severance of any claim "even without a finding of improper joinder[] where there are sufficient other reasons for ordering a severance." Wyndham Assocs. V. Bintliff, 398 F. 2d 614, 618 (2d Cir. 1968). The plaintiff wishes to sever its claim against the Guarantor because, at a later date, the plaintiff may still seek a deficiency judgment against the Guarantor in the event that an auction of the Property results in a deficiency with respect to the amount due and owing to the plaintiff. Pl.'s Memo., ECF No.

76, at 13. The defendants do not oppose this motion.
Accordingly, the motion is **granted**, and Count Five of the
Complaint is severed.

## CONCLUSION

The Court has considered all the arguments of the parties.
To the extent not specifically addressed above, the arguments
are either moot or without merit. For the foregoing reasons, the
plaintiff's motion for summary judgment is **granted**, and the
plaintiff's motion to strike certain affirmative defenses is
**denied as moot**. The case is referred to Magistrate Judge Moses
for a calculation of the amount owed by the defendants on the
Loan. The Clerk is directed to close Docket No. 72.

SO ORDERED.

Dated:   New York, New York
         May 25, 2023

                                    John G. Koeltl
                             United States District Judge

11