```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---------------------------------------------

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2018-C44, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 20 ACTING BY AND THROUGH ITS SPECIAL SERVICER, RIALTO CAPITAL ADVISORS, LLC, AS SPECIAL SERVICER UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF MAY 1, 2018, | 22-cv-5855 (JGK)<br><br>MEMORANDUM OPINION AND ORDER |

                    Plaintiff,

             - against -

31 PRINCE STREET, LLC, ET AL.,

                    Defendants.
---------------------------------------------

JOHN G. KOELTL, District Judge:

The Court has reviewed the Report and Recommendation ("Report") of Magistrate Judge Moses dated March 25, 2025. ECF No. 147. The Report recommends that a judgment of foreclosure be entered in favor of the plaintiff as set forth in the Report, pursuant to this Court's May 25, 2023 Memorandum Opinion and Order granting the plaintiff's motion for summary judgment of foreclosure. See Wilmington Tr. v. 31 Prince St., LLC, No. 22-cv-5855, 2023 WL 3647397, at *3 (S.D.N.Y. May 25, 2023) ("SJ

Order").[1] The Court assumes familiarity with the Report and the SJ Order.

The defendants 31 Prince Street, LLC, Wah Kok Realty Corp., and Edmond Li (together, the "Defendants") have timely objected to the Report. ECF No. 148. The plaintiff has submitted a response. ECF No. 152. For the following reasons, the objections are **overruled**, and the Court adopts the Report.

I.

This Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).[2] The Court may adopt those portions of the Report "to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous." United States Sec. & Exch. Comm'n v. Collector's Coffee Inc., 603 F. Supp. 3d 77, 83

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.
[2] The plaintiff argues that this Court should review the Report for clear error and not apply a de novo standard of review. That may be true when a party "makes only conclusory or general objections, or simply reiterates . . . original arguments," Piligian v. Ichan Sch. of Med. at Mt. Sinai, 490 F. Supp. 3d 707, 715 (S.D.N.Y. 2020).
   The Defendants' objections reiterate several arguments submitted to the Magistrate Judge during the briefing for the Report. Therefore, this Court could, in its discretion, review the entire Report for clear error. Id.
   But the Defendants have objected to specific portions of the Report and argued that specific conclusions reached by the Magistrate Judge were incorrect. Accordingly, the Court reviews de novo the objected-to portions of the Report. See Wilmington Tr. v. Winta Asset Mgmt. LLC, No. 20-cv-5309, 2024 WL 1700032, at *1 n.2 (S.D.N.Y. Apr. 18, 2024).

2

(S.D.N.Y. 2022). The portions of the Report not objected to are not clearly erroneous.

## II.

### A.

The Defendants do not contest the specific calculations made in the Report. Rather, the Defendants assert that the contractually agreed-upon increases result in a foreclosure judgment amount that is unconscionable and inequitable.

The Magistrate Judge correctly rejected this contention. "A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made . . . ." Gillman v. Chase Manhattan Bank, N.A., 534 N.E.2d 824, 828 (N.Y. 1988). In this case, the additional charges were bargained for in a sophisticated loan agreement, and the Defendants have failed to show that the amounts provided for in the contract were procedurally or substantively unfair. And as the Report notes, "[t]here is nothing inherently inequitable about [the] 10.34% default interest rate" provided for in this case. Report at 9 (citing Winta Asset Mgmt., 2024 WL 1700032, at *2). Similarly, there is nothing inherently inequitable about the additional bargained-for charges. The Report thus correctly determined that the agreed-upon increases should be included in the foreclosure judgment amount.

**B.**

As for the plaintiff's requested attorneys' fees, the Magistrate Judge conducted a thorough and appropriate review. Based on her review of the plaintiff's evidence, including billing records, the Magistrate Judge made proper downward adjustments to the plaintiff's requested rates for non-attorney staff. See RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC, No. 21-cv-4424, 2024 WL 4486058, at *7 (S.D.N.Y. Aug. 19, 2024), adopted, 2024 WL 4132554 (S.D.N.Y. Sept. 10, 2024); Wells Fargo Bank v. 5615 Northern LLC, No. 20-cv-2048, 2023 WL 7394340, at *8 (S.D.N.Y. May 3, 2023), adopted, 2023 WL 7384632 (S.D.N.Y. Nov. 8, 2023). Otherwise, the Magistrate Judge correctly found the attorneys' fees to be reasonable and consistent with other fee awards found to be reasonable in this District. See 1442 Lexington, 2024 WL 4486058, at *7 (approving the same or similar rates for attorneys from the same law firm); 5615 Northern LLC, 2023 WL 7394340, at *8 (same).

The Defendants' argument that this case was a simple mortgage foreclosure action is inconsistent with the thorough opposition mounted by the Defendants throughout this lengthy mortgage foreclosure litigation. Since this case was brought in July 2022, ECF No. 1, the parties have litigated a motion to appoint a receiver, see ECF No. 66, and a motion for summary

4

judgment, see SJ Order. The Defendants opposed the plaintiff's efforts at every step, and at one point even attempted an interlocutory appeal. ECF No. 80. Accordingly, the Magistrate Judge appropriately reviewed, adjusted, and approved the plaintiff's request for attorneys' fees.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

For the foregoing reasons, the objections to the Report are **overruled.** The Court adopts the thorough Report and Recommendation issued by Magistrate Judge Moses.

The plaintiff is directed to submit, by **April 25, 2025,** a proposed judgment providing for the mortgage foreclosure with the calculations made by the Magistrate Judge and including the appointment of Richard J. Malone as referee. The Defendants may file any objections by **April 30, 2025.**

SO ORDERED.

Dated:  New York, New York
        April 18, 2025

                                    _____
                                            John G. Koeltl
                                    United States District Judge