```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
WILMINGTON TRUST, NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
BENEFIT OF THE REGISTERED HOLDERS OF
WELLS FARGO COMMERCIAL MORTGAGE
TRUST 2018-C44, COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2018-C44, acting by and through its
special servicer, Rialto Capital
Advisors, LLC, as Special Servicer
under the Pooling and Servicing
Agreement dated as of May 1, 2018,

     Plaintiff,

 - against -

31 PRINCE STREET, LLC; WAH KOK
REALTY CORP.; EDMOND LI; NEW YORK
CITY DEPARTMENT OF FINANCE; NEW YORK
CITY OFFICE OF ADMINISTRATIVE TRIALS
AND HEARINGS; and "JOHN DOE NO. 1"
to "JOHN DOE NO. 100" inclusive, the
last one hundred names being
fictitious and unknown to plaintiff,
the persons or parties intended
being the tenants, occupants,
persons or corporations, if any,
having or claiming an interest in or
lien upon the premises described in
the complaint,

     Defendants.
---

22-cv-5855 (JGK)

ORDER & JUDGMENT

  **THIS MATTER** is before the Court on application by the plaintiff Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2018-C44, Commercial Mortgage Pass-Through Certificates, Series 2018-C44 (the "plaintiff"), acting by and

through its special servicer, Rialto Capital Advisors, LLC, as Special Servicer under the Pooling and Servicing Agreement dated May 1, 2018 ("the PSA"), for an Order entering a Final Judgment of Foreclosure pursuant to Rule 54 of the Federal Rule of Civil Procedure in favor of the plaintiff and against, *inter alia*, the defendants 31 Prince Street, LLC and Wah Kok Realty Corp. (collectively, "Borrowers"), and permitting the plaintiff to foreclose its mortgage lien encumbering the real property that is the subject of this action and more fully described in the applicable mortgage instrument, and granting such other and further relief that the Court deems just and proper.

In the Memorandum Opinion and Order dated and filed in this case on May 25, 2023 (ECF No. 94) (the "SJ Order"), this Court, inter alia, granted the plaintiff's motion for summary judgment on Counts I, II, and III of the Complaint dated and filed on this case on July 8, 2022 (ECF No. 1). Counts I, II, and III are severed and there is no just reason for delay in entering judgment on those Counts pursuant to Federal Rule of Civil Procedure 54(b).

Upon review of the SJ Order, as well as the Memorandum Opinion and Order dated and filed in this case on April 18, 2025 (ECF No. 153), by which this Court, inter alia, adopted the magistrate judge's Report and Recommendation to the Honorable

John G. Koeltl, dated and filed in this case on March 25, 2025 (ECF No. 147), and for good cause shown, it is:

**ORDERED, ADJUDGED AND DECREED**, that the plaintiff is hereby granted final judgment as to Counts I, II and III of the Complaint; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the amount due to the plaintiff under the loan documents that are the subject of this action, as of May 6, 2024, is **$60,539,920.44** (the "Foreclosure Judgment Amount"), calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance | $41,000,000.00 |
| Accumulated Ordinary Interest at Non-Default Rate calculated beginning on May 6, 2021 through May 6, 2024 @ 5.34% (1,096 days x per diem rate of $1,737.08333) | $6,665,506.67 |
| Accumulated Default Interest at Default Rate calculated beginning on April 6, 2020 through May 6, 2024 @ 10.34%, compounded monthly | $10,078,098.02 |
| Late Payment Charges | $368,219.54 |
| Tax Advances, Other Property Protective Advances, and Fees | $1,730,374.86 |
| Special Servicing Fees | $351,916.74 |
| Yield Maintenance Premium | $2,050,000.00 |
| Suspense Balance | ($1,623,797.00) |
| Reserve Balance | ($80,398.39) |
| **TOTAL AMOUNT DUE AS OF MAY 6, 2024:** | **$60,539,920.44** |

and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Foreclosure Judgment Amount so awarded herein shall be without prejudice to the plaintiff asserting claims in any subsequent proceeding or action, including, without limitation, seeking a deficiency claim against defendant Edmond Li for additional amounts the plaintiff alleges are due and owing under the subject loan documents, including, without limitation, accrued and unpaid interest from May 6, 2024 and thereafter as well as a liquidation fee, calculated as 1% of the sum of the subject loan's unpaid principal balance, accumulated ordinary interest, tax advances, other property protective advances and fees, special servicing fees, and Yield Maintenance Premium; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the certain real property and improvements thereon located at (i) 31 Prince Street a/k/a 242-244 Mott Street, New York, New York 10012 and designated as Block 508, Lot 53 as shown on the Tax Map of the City of New York, County of New York, (ii) 46 Prince Street a/k/a 250 Mulberry Street, New York, New York 10012 and designated as Block 494, Lot 14 as shown on the Tax Map of the City of New York, County of New York, and (iii) 48 Spring Street a/k/a 207-211 Mulberry Street, New York, New York 10012 and designated as Block 481, Lot 22 as shown on the Tax Map of the

City of New York, County of New York, and as more particularly described in <u>Exhibit A</u> annexed hereto and made a part hereof (collectively, the "Mortgaged Premises"), or such part thereof as may be sufficient to discharge the mortgage debt, and the expense of the sale and the costs of this action as provided by the New York Real Property Actions and Proceedings Law ("RPAPL"), be sold in one parcel at public auction at the front steps of 31 Prince Street a/k/a 242-244 Mott Street, New York, New York 10012 pursuant to the terms thereof, by and under the direction of Richard J. Madison ("Referee") of Colliers International, 20 Waterview Boulevard, Suite 310, Parsippany, NJ 07054, with the assistance of Matthew Mannion from Mannion Auctions, LLC as Auctioneer, located at 299 Broadway, Suite 1601, New York, New York 10007, telephone no. (212) 267-6698; who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231 and the law and practice of this Court in *The Wall Street Journal* and that the plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in

5

cash or certified or bank check payable to such Referee, ten percent (10%) of the sum bid and shall execute the Terms of Sale for the purchase of the premises, unless the plaintiff becomes the purchaser at said sale, the plaintiff shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten percent (10%) deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Mortgaged Premises, the Mortgaged Premises shall thereafter immediately, on the same day, be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such location as the Referee shall determine within forty-five (45) days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction, except if the plaintiff is the successful bidder, in which case the plaintiff may assign its bid and title may be transferred to its assignees. Any delay or adjournment of the closing beyond forty-five (45) days may be stipulated among the parties, with the Referee's Consent, up to ninety (90) days from the date of sale, but any adjournment beyond ninety (90) days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee deposit all funds received pursuant to this Order in his or her own name as Referee in an account maintained at an FDIC-insured bank of the Referee's choice within the Southern District of New York; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

**FIRST:** The statutory fees and commissions of said Referee pursuant to CPLR § 8003(b) which shall not exceed $750.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00. In the event the sale price exceeds $50,000.00 and additional compensation (including commissions) in excess of $750.00 is sought pursuant to CPLR § 8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court.

Where surplus monies will be available following the distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR § 8003(b), application shall be made to this Court on notice to all parties known to be entitled to any claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to

the Court within five (5) days of the transfer of the deed and prior to filing the Report of Sale. The five (5) day period for payment of surplus money into Court as set forth in RPAPL § 1354(4), and the thirty (30) day period set forth in RPAPL § 1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is canceled or postponed, pursuant to CPLR § 8003(a), the plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to the plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to the plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge of the Courts of the State of New York.

**SECOND:** The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

**THIRD:** Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates, and any charges placed upon the Mortgaged Premises by a city agency that has priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment.

**FOURTH:** Said Referee shall also pay to the plaintiff or its attorneys the sum of $60,539,920.44, the said amount so reported due to the plaintiff as aforesaid; together with ordinary interest on the $41,000,000.00 unpaid principal balance from May 7, 2024 to the date of entry of this Judgment at the ordinary interest rate of 5.34% per annum; together with additional Special Servicing Fees calculated pursuant to this formula: (($41,000,000.00 * 0.0025)/360) * [the number of days elapsed between May 6, 2024, and the date of entry of this Judgment]; together with interest on the total amount due pursuant to this Judgment to the date of transfer of title at the statutory post-judgment rate, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same; together with $193,784.73 awarded to the plaintiff as reasonable attorneys' fees and costs; together with reasonable and substantiated attorneys' fees and costs, if any, incurred through the date of entry of this Judgment; together with any

9

advances as provided for in the mortgage instrument which the plaintiff may have made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to inspect, repair, appraise, maintain, or some combination thereof, the Mortgaged Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the plaintiff becomes the purchaser of said subject Mortgaged Premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST" "SECOND", and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof.  The balance of the amount

bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of the city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to the plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of the plaintiff or the plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his or her Report of Sale, that he or she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of this Court, signed by a judge of this Court, that said Referee make his or

11

her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may seek to recover a deficiency judgment against defendant Edmond Li in accordance with RPAPL § 1371; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at such sale be let into possession of the Mortgaged Premises on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action and all person claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Mortgaged Premises to be sold in one parcel in "as is" physical order and condition, subject to:

- any state of facts that an inspection of the Mortgaged Premises would disclose;

- any state of facts that an accurate survey of the Mortgaged Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, declarations, easements, rights of way and public utility agreements of record, if any;

- if any, any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same;

- any rights of tenants or persons in possession of the Mortgaged Premises other than tenants, or any portion thereof;

- any violations of record;

- any prior lien or liens of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354;

- any equity of redemption of the UNITED STATES OF AMERICA to redeem the Mortgaged Premises within one hundred and twenty days (120) days from date of sale;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Order, any tenants or occupants named in this action, and any other party entitled to notice no less than thirty (30) days prior to sale.

**SO ORDERED and ENTERED.**

Dated:   New York, New York
         May 29, 2025

_____
John G. Koeltl
United States District Judge

# EXHIBIT A

## Legal Description

### PARCEL A:

**ALL THAT CERTAIN** plot, piece or parcel of land, erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point formed by the intersection of the northerly side of Prince Street with the easterly side of Mott Street;

RUNNING THENCE northerly along the said easterly side of Mott Street, 79 feet 2 inches;

THENCE in an easterly direction, 27 feet 6-3/4 inches to a point distant 82 feet 6-1/2 inches northerly from the northerly side of Prince Street, measured on a line drawn parallel to Mott Street, and intersecting the northerly side of Prince Street, at a point distant 27 feet 11-1/4 inches measured in an easterly direction from the northeasterly corner of Mott Street and Prince Street;

THENCE southerly along said line drawn parallel with Mott Street, and part of the way through party walls, 82 feet 6-1/2 inches to the said northerly side of Prince Street;

THENCE westerly along the said northerly side of Prince Street, 27 feet 11-1/4 inches to the point or place of BEGINNING.

For Information Only: Said premises are known as 31 Prince Street a/k/a 242-244 Mott Street, New York, NY and designated as Block 508 Lot 53, as shown on the Tax Map of the City of New York, County of New York.

### PARCEL B:

**ALL THAT CERTAIN** plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of Prince Street and the easterly side of Mulberry Street;

RUNNING THENCE easterly along the southerly side of Prince Street a distance of 25 feet 4 inches to a point;

THENCE southerly along a line forming an angle of 101 degrees 53 minutes 00 seconds on its westerly side with the southerly side of Prince Street a distance of 69 feet 5 inches to a point;

THENCE westerly along a line forming an angle of 90 degrees 51 minutes 00 seconds on its northerly side with the last mentioned course a distance of 24 feet 10 inches to a point on the easterly side of Mulberry Street;

confidential

THENCE northerly along the easterly side of Mulberry Street, a distance of 75 feet to the corner formed by the intersection of the southerly side of Prince Street and the easterly side of Mulberry, the point or place of BEGINNING.

For Information Only: Said premises are known as 46 Prince Street a/k/a 250 Mulberry Street, New York, NY and designated as Block 494 Lot 14, as shown on the Tax Map of the City of New York, County of New York.

## PARCEL C:

ALL THAT CERTAIN plot, piece or parcel of land, situate, lying and being in the Borough Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at the point of intersection of the southerly side of Spring Street with the westerly side of Mulberry Street;

RUNNING THENCE westerly along the southerly side of Spring Street, 25 feet 3 inches (25 feet 11 inches per survey);

THENCE southerly on a line parallel or nearly so parallel with Mulberry Street, 98 feet 9 inches (99 feet 2 inches per survey);

THENCE easterly at right angles or near at right angles with Mulberry Street, 25 feet (25 feet 3 inches per survey) to Mulberry Street;

THENCE northerly along the westerly side of Mulberry Street, 93 feet (93 feet 3-3/4 inches per survey) to the point or place of BEGINNING.

Said premises being known as and distinguished by lot number 1063, heretofore conveyed by Nicholas Bayard and wife to Philip Livingston and others, bounded in front on Spring Street, east by Mulberry Street, on the south by lot number 1062 and on the west by lot number 1064, as and by the map or chart thereof may appear.

For Information Only: Said premises are known as 48 Spring Street a/k/a 207-211 Mulberry Street, New York, NY and designated as Block 481 Lot 22, as shown on the Tax Map of the City of New York, County of New York.